PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of his 2003 Ford F-250 buck striking a tree and rocks while he was traveling southbound on Route 4 near Gassaway, Braxton County. Route 4 is a road maintained by respondent in Braxton County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 8:30 p.m. on March 30, 2005, a rainy evening. Route 4 is a two-lane road that is marked at the location of claimant’s accident as a “falling rock” area with a speed limit of forty-five miles per hour. Mr. Hamner was driving around forty-five miles per hour when a live tree and rocks from the hillside adjacent to Route 4 fell into his lane of traffic. Claimant stated that he had seen rock falls in this area previously. Claimant’s vehicle struck the tree and rocks and sustained damage to the front end of the vehicle totaling $1,324.48. Claimant’s insurance deductible was $100.00.
The position of the respondent was that it did not have notice of the rocks on Route 4. Respondent admitted that the area in question is a rock fall area and stated that there are “rock fall” signs located at various locations along Route 4 to warn drivers proceeding on the roadway. Jack Belknap, Foreman for respondent in Braxton County, testified that this is an area that has rock falls occasionally and that there are rock fall signs placed along the highway. Mr. Belknap testified that his office did learn of the frees and rock falling into the road, but it was only after the claimant’s incident. Respondent maintains that there was no prior notice of any rocks on Route 4 immediately prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn vs. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on Route 4 in Braxton County. Respondent has placed “falling rock” warning signs to warn the traveling public of the potential for rock falls at this location. While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.